CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 3 0 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ALBERT G. BARON, | CIVIL ACTION NO. 6:09-CV-00035 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | JUDGE NORMAN K. MOON |

This matter is before the court on consideration of the following: the parties' cross-motions for summary judgment (docket nos. 11 and 13); the Report and Recommendation ("Report") of United States Magistrate Judge Michael F. Urbanski (docket no. 18); Plaintiff's objections (docket no. 19) to the Report; the response (docket no. 21) thereto filed by the Commissioner of Social Security ("Commissioner," or "Defendant"); and Plaintiff's reply (docket no. 22) to Defendant's response.

In his Report, the magistrate judge recommends that I affirm the Commissioner's final decision denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff timely filed objections to the Report, obligating the court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Having conducted such a review, I find that the objections are without merit and that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was totally

disabled from all forms of substantial gainful employment. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the magistrate judge's Report *in toto*.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was born in 1963, and was 41 years old at the alleged onset date of his disability. He completed the 10th grade and has worked in the past as a janitor, chair assembler, independent contractor, and small engine mechanic.

Plaintiff alleges a disability onset date of July 21, 2004, and filed his application for disability insurance benefits on August 11, 2004. His claim was rejected initially and on reconsideration. He requested a hearing before an administrative law judge ("ALJ") on March 21, 1005, an ALJ heard the claim on March 2, 2006, and the claim was denied in a decision dated March 28, 2006. Upon review, the Appeals Council remanded the case because the recording of the hearing was "partially inaudible and the transcript has numerous inaudibles especially during the important testimony of the medical expert." An ALJ conducted a second hearing on July 1, 2008, and in a decision dated July 15, 2008, again denied Plaintiff's claim.[1]

---

[1] The ALJ, citing the objective medical evidence, the opinions of the consultative examiners, the opinions of the state agency medical consultants, and Plaintiff's treatment history and daily activities, found that, despite Plaintiff's alleged impairments, he could perform the occupation of hand packager at sedentary and light levels. Although Plaintiff alleged disabling mental impairments, the record showed that Plaintiff had not seen a mental health professional for treatment on a regular and continuous basis, and that, during his few visits with a Master of Social Work intern, Plaintiff explicitly stated that his treatment goal was to obtain disability, rather than to improve his mental functioning. Plaintiff's physical examinations were mostly unremarkable and his x-rays revealed normal wear and tear and no significant arthropathy to account for his alleged symptoms. (Arthropathy is any joint disease. *See Dorland's Illustrated Medical Dictionary* 160 (31st ed. 2007).) The evidence further indicated that Plaintiff performed a wide range of activities during the relevant period of time, including the following: taking care of his 8-year-old daughter, who stayed with him Sundays through Thursdays (he stated that he helped her get dressed, made her breakfast, drove her to school, helped her with her homework, and played games with her); mowing his lawn for an hour at a time; driving 30 minutes to the grocery store; performing household chores, such as preparing meals, cleaning, and doing laundry; grocery shopping for 45 minutes to an hour at a time; going to church and visiting with family members and friends; and repairing lawn mowers and buying and selling scrap metal and tires (Plaintiff testified that he did not report income from these activities on his taxes). Accordingly, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform less

(continued...)

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review on May 7, 2009, making the ALJ's decision the final decision of the Commissioner. After exhausting his administrative remedies, Plaintiff then filed the instant civil action, seeking judicial review of the Commissioner's final decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the matter to Magistrate Judge Urbanski for proposed findings of fact and a recommended disposition. After the parties filed cross-motions for summary judgment, the magistrate judge issued his Report, to which the Plaintiff timely filed objections.

## II. STANDARD OF REVIEW

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the courts, and it is immaterial whether the evidence will permit

---

[1](...continued)
than a full range of medium work, that a significant number of jobs existed in the national economy that Plaintiff could perform, and therefore Plaintiff was not disabled within the meaning of the Act.

a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The

district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

As I have already observed, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. Plaintiff presents his objections "together with Plaintiff's *Memorandum in Support of His Motion for Summary Judgment . . .* and *Plaintiff's Reply to Defendant's Brief in Support of Motion for Summary Judgment*" as "constitut[ing] Plaintiff's argument in this matter." To the extent Plaintiff's objections incorporate and repeat arguments already presented and fail to specifically object to the magistrate judge's report, they are conclusory and lack the requisite specificity. Accordingly, I will address only those objections that are directly responsive to the magistrate judge's Report.

### A.

Plaintiff objects to the Report on the ground that it "does not put forth the ALJ's keystone but clearly erroneous factual finding concerning numbers of alternative jobs which the Plaintiff could perform," but instead "at page 18 . . . makes the *de novo* factual finding that 'When the number of sedentary and light hand packager jobs that exist in the national and local economies is cut in half, there are still a significant number of such jobs that exist.'"

The basis of this objection is Plaintiff's allegation that the testimony of the vocational expert ("VE") received by the ALJ was "confusing," and that the VE provided unreliable numbers of jobs that existed in the economy. However, contrary to Plaintiff's allegations, the VE's testimony clarified any misunderstandings related to the number of jobs available with a

-5-

"sit/stand" option. The VE identified the jobs of sedentary and light hand packager, each existing in significant numbers regionally and nationally. Later, the ALJ clarified that Plaintiff would need a sit/stand option, and the VE testified that, based on her experience, a sit/stand option would not preclude Plaintiff from performing these jobs. The VE testified that, although the *Dictionary of Occupational Titles* ("*DOT*") does not identify jobs with a sit/stand option, she could nonetheless estimate that, based on her skill, experience, and "what [she saw] in the definition" of the identified jobs, approximately half of the jobs identified would be available with a sit/stand accommodation.[2]

When the ALJ imposed "a requirement that you need a sit/stand option on the hypothetical," and questioned the VE, "[W]hat numbers are available for those jobs?" the VE responded, "I couldn't probably reliably give you any specific numbers." Plaintiff attempts to characterize this use of the modifier "reliably" to mean that the VE had no justification for her expert estimate that half of the previously defined jobs would still be available. However, it was clear that she had no written sources "reliable that [she] could put [her] hands on to say that. . . ." These statements regarding reliable written sources to cite does not undermine the VE's testimony – or the reliability thereof – that she based this information on her expert experience and first-hand observations. The ALJ reasonably relied on this testimony when determining that Plaintiff was not disabled. *See* 20 C.F.R. § 416.1566(e) (stating that the Commissioner may rely upon the services of a VE); *see also* Social Security Ruling 00-4p (stating that VE testimony can provide more specific information about jobs than the *DOT*, may include information not listed in the *DOT*, and maybe based upon a VE's experience in job placement or career counseling).

---

[2] Although Plaintiff now claims that the VE's testimony was "confusing," the ALJ questioned the VE regarding the types and numbers of jobs available with the sit/stand option, but Plaintiff's counsel did not.

Here, the magistrate judge properly considered and rejected Plaintiff's argument concerning the ALJ's inadvertent listing in its decision of the initial sedentary and light hand packager job numbers, which did not consider a sit/stand option, instead of the numbers divided in half, which did consider the sit/stand option. It is not enough for Plaintiff to show an error; rather, Plaintiff must show that the error is harmful. *Shinseki v. Sanders*, 556 U.S. ___, ___, 129 S. Ct. 1696, 1706 (2009) (providing that the burden of showing that an error is harmful falls on the party attacking the agency's determination). With a sit/stand option, approximately 14,000 sedentary hand packager positions exist in the national economy, and 325 exist in Virginia; and approximately 203,500 light hand packager jobs exist in the national economy, and 4,650 exist in Virginia. As the magistrate judge observed, "[w]hen the number of sedentary and light hand packager jobs that exist in the national and local economies is cut in half, there are still a significant number of such jobs that exist." Substantial evidence supports the ALJ's conclusion that jobs exist in the national economy that Plaintiff can perform.

### B.

Plaintiff asserts that "[s]ubstantial evidence does not support the ALJ decision's conclusion that the Plaintiff's work would be unaffected by his psychiatric condition" because the ALJ failed to adequately evaluate "the opinion of [the] Commissioner's consulting psychologist (Dr. Luckett) as to Plaintiff's work reliability." Plaintiff adds that the magistrate judge's Report "undertakes an improper *de novo* factual evaluation of Dr. Luckett's opinion in upholding the ALJ denial."

The magistrate judge did not err in finding that the ALJ had reasonably evaluated Dr. Luckett's opinion. Although Dr. Luckett opined that Plaintiff "*may not* be able to work in an eight-hour day or 40-hour week, but he *may* be able to work half-time or four hours a day and 20

hours a week," this equivocal observation is contrary to Dr. Luckett's opinion that, given that Plaintiff was able to live independently, and shopped, and drove, and mowed his lawn, the "amount of restrictiveness that his physical pain [was] providing would be considered more mild to moderate in intensity in regards to what it precludes Plaintiff from being able to do." The ALJ described Dr. Luckett's examination of Plaintiff in his decision, including diagnoses and global assessment of functioning ("GAF") scores. The ALJ also incorporated Dr. Luckett's opinion of Plaintiff's mental functional limitations into his residual functional capacity ("RFC") assessment, opining that Plaintiff had no limitation in his ability to understand and remember short, simple instructions; no more than slight limitations in his ability to carry out short, simple instructions; only moderate limitations in his ability to interact appropriately with supervisors, coworkers, and respond appropriately to changes in a routing work setting; moderate limitations in his ability to make judgments on simple work-related decisions; marked limitations in his ability to understand, remember, and carry out detailed instructions; and marked limitations in his ability to interact appropriately with the public and respond appropriately to work pressures in a typical work setting. The ALJ formulated a very extensive and thorough RFC assessment very similar to Dr. Luckett's opinion, and the magistrate judge did not err in finding that the ALJ had adequately considered Dr. Luckett's opinion.

The ALJ further did not err regarding Plaintiff's work attendance reliability. Although Dr. Luckett stated that "[r]eliability would be questionable for this individual because of his paincondition and his tendency to orbit around his pain and physical status," Dr. Luckett also acknowledged that part of Plaintiff's pain was psychological, *i.e.*, somatoform disorder. Furthermore, Plaintiff never required formal mental health treatment on a regular and continuous basis and, and during his few psychological therapy visits, Plaintiff stated that his treatment goal

was to obtain disability. Additionally, the opinion of a second consultative psychological examiner, Dr. Gardner, contradicts Dr. Luckett's opinion that Plaintiff would have unreliable work attendance. Dr. Gardner noted that Plaintiff exaggerated symptoms and gave poor effort on his mental status examination. Dr. Gardner reported that Plaintiff was able "to perform simple and repetitive tasks and maintain regular attendance in the workplace," and that Plaintiff was able to complete a normal workday or workweek without interruptions resulting from his psychiatric condition. In Dr. Gardner's opinion, Plaintiff was able to accept instructions from supervisors, interact with coworkers and the public, and deal with the usual stressors encountered in competitive work. These findings directly contradict Dr. Luckett's opinion and show that Plaintiff could maintain acceptable work attendance and work a normal work week. Accordingly, the magistrate judge properly determined that substantial evidence supported the ALJ's evaluation of Dr. Luckett's opinion.

## IV. CONCLUSION

Having undertaken a *de novo* review of those portions of the Report to which specific objections were made, I find that Plaintiff's objections are without merit. My review of the record indicates that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was totally disabled from all forms of substantial gainful employment. Accordingly, I will enter an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to United States Magistrate Judge Michael F. Urbanski.

Entered this 30th day of September, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE